UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SWIRLATE IP LLC, <br><br> Plaintiff, <br><br> v. <br><br> PROGRESSIVE SYSTEMS, LLC, <br><br> Defendant. | Civil Action No. 4:22-cv-293 <br><br> DEMAND FOR JURY TRIAL <br><br> PATENT CASE |

**PROGRESSIVE SYSTEMS, LLC'S ANSWER TO
SWIRLATE IP LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Progressive Systems, LLC. ("Progressive") hereby responds to the Complaint ("Complaint") of Plaintiff Swirlate IP LLC ("Swirlate").  Progressive denies each and every allegation contained in the Complaint that is not expressly admitted below.  Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts.  Progressive denies that Swirlate is entitled to the relief requested or any other relief.

## I.   THE PARTIES

1. Progressive is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 1 and, on that basis, denies those allegations.

2. Progressive admits that it is a Texas limited liability company and it may be served through its registered agent, Edward Rister at 3151 Briarpark Drive, Suite #125, Houston, TX 77042.

## II.   JURISDICTION AND VENUE

3.   Progressive admits that Swirlate purports to state a claim for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, but denies that it has committed, contributed to, or induced acts of patent infringement. Progressive admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.   Progressive does not contest whether personal jurisdiction over it properly lies in this District in this case, that it conducts business in the State of Texas, or that it is a Texas limited liability company. Progressive denies it has committed or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the remaining allegations of Paragraph 4 of the Complaint.

5.   Progressive does not contest whether personal jurisdiction over it properly lies in this District in this case or that it conducts business in the State of Texas. Progressive denies it has committed or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6.   Progressive does not contest whether venue is proper in this District in this case, or that it is a Texas limited liability company. Progressive denies it has committed or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

7.   Paragraph 7 contains no allegations that require a response. To the extent a response is required, Progressive does not contest whether personal jurisdiction over it properly lies in this District in this case or whether venue is proper in this District in this case.

## III.   COUNT I
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,154,961)

8.     Progressive re-alleges and incorporates by reference Paragraphs 1–7 above, as if fully set forth herein.

9.     Progressive admits that the purported copy of the '961 Patent that is attached to the Complaint as Exhibit A indicates that it issued on December 26, 2006 and is titled "Constellation Rearrangement for ARQ Transmit Diversity Schemes." Progressive denies that the '961 Patent was duly and legally issued.

10.    Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.    Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12.    Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13.    Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14.    Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15. Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16. Progressive denies the allegations set forth in Paragraph 16.

17. Progressive denies the allegations set forth in Paragraph 17.

18. Progressive denies the allegations set forth in Paragraph 18.

19. Progressive denies the allegations set forth in Paragraph 19.

20. Progressive denies the allegations set forth in Paragraph 20.

21. Progressive denies the allegations set forth in Paragraph 21.

22. Progressive denies the allegations set forth in Paragraph 22.

23. Progressive denies the allegations set forth in Paragraph 23.

24. Progressive denies the allegations set forth in Paragraph 24.

### IV.   COUNT II
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,567,622)

25. Progressive re-alleges and incorporates by reference Paragraphs 1–24 above, as if fully set forth herein.

26. Progressive admits that the purported copy of the '622 Patent that is attached to the Complaint as Exhibit B indicates that it issued on July 28, 2009, is titled "Constellation Rearrangement for ARQ Transmit Diversity Schemes," and claims priority to the application leading to the '961 Patent. Progressive denies that the '622 Patent was duly and legally issued.

27. Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies all such allegations.

28. Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, denies all such allegations.

29. Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, denies all such allegations.

30. Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies all such allegations.

31. Progressive denies the allegations set forth in Paragraph 31.

32. Progressive denies the allegations set forth in Paragraph 32.

33. Progressive denies the allegations set forth in Paragraph 33.

34. Progressive denies the allegations set forth in Paragraph 34.

35. Progressive denies the allegations set forth in Paragraph 35.

36. Progressive denies the allegations set forth in Paragraph 36.

37. Progressive denies the allegations set forth in Paragraph 37.

38. Progressive denies the allegations set forth in Paragraph 38.

39. Progressive denies the allegations set forth in Paragraph 39.

40. Progressive denies the allegations set forth in Paragraph 40.

41. Progressive is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, on that basis, denies all such allegations.

## V.     DEMAND FOR JURY TRIAL

Progressive acknowledges that Swirlate has demanded a jury trial of this action. Progressive similarly demands trial by jury on all issues so triable.

## VI.     RESPONSE TO PRAYER FOR RELIEF

Progressive denies the underlying allegations of Swirlate's prayer for relief, denies that Swirlate is entitled to any relief whatsoever, and requests that the Court deny all relief to Swirlate and enter judgment in favor of Progressive on all claims and award Progressive its costs and reasonable attorneys' fees and any further relief as the Court may deem appropriate. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Progressive denies them.

## AFFIRMATIVE DEFENSES

Progressive's Affirmative Defenses are listed below, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Progressive reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

42.     Progressive has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement) or under the doctrine of equivalents), any valid, enforceable claim of the '961 Patent or the '622 Patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

43. Each asserted claim of the '961 Patent and the '622 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

44. Swirlate has failed to state a claim on which relief can be granted because Progressive has not performed and are not performing any act in violation of any right validly belonging to Swirlate.

## FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

45. Swirlate's right to seek damages and other remedies from Progressive is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

46. Swirlate's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, prosecution laches, waiver, implied waiver, acquiescence, equitable estoppel, patent misuse, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

47. To the extent that Swirlate alleges infringement under the doctrine of equivalents, Swirlate's alleged cause of action is barred, including, without limitation, by way of example, under the doctrine of prosecution history estoppel, claim vitiation, and/or recapture. By virtue of statements made, amendments made, and/or positions taken during the prosecution of the

applications for the '961 Patent and the '622 Patent, and any application to which these patents claim priority, and in view of any statements made, amendments made and/or positions that Swirlate has taken or will take before the U.S. Patent and Trademark Office during, for example, reexamination or *inter partes* review, Swirlate is estopped from asserting that the '961 Patent or the '622 Patent cover or include any of Progressive's accused products or services.

## RESERVATION OF RIGHTS

48.   Progressive reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c), the patent laws, and any other defenses available at law or in equity that now exist or in the future may be available based on discovery or any other factual investigation concerning this action.

## COUNTERCLAIMS

For its counterclaims against Swirlate IP LLC ("Swirlate" or "Plaintiff"), Progressive Systems, LLC ("Progressive") alleges as follows:

## PARTIES

1.   Counterclaim Plaintiff Progressive Systems, LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 3151 Briarpark Drive, Suite #125, Houston, TX 77042.

2.   Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Swirlate IP, LLC is a limited liability company organized under the laws of the State of Texas, with an address at 6009 W Parker Rd, Ste. 149 – 1090, Plano, TX 75093-8121.

## JURISDICTION

3.   The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201, and/or 2202.

4. These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 101, *et seq.* An actual controversy exists under the Declaratory Judgment Act as to the validity and infringement because Swirlate's Complaint alleges that Progressive infringes U.S. Patent Nos. 7,154,961 (the "'961 Patent") and 7,567,622 (the "'622 Patent"), which Progressive denies.

5. Swirlate has consented to the personal jurisdiction of this court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Swirlate's filing of this action, venue is proper in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,154,961

7. Progressive incorporates by reference paragraphs 1–6 above.

8. Based on Swirlate's filing of this action and at least Progressive's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Progressive infringes the '961 Patent.

9. By way of example, Progressive does not infringe at least claim 1 of the '961 Patent because, among other things, Progressive does not perform "demodulating the received first and second data symbols at the receiver using the first and second modulation schemes respectively; and diversity combining the demodulated data received over the first and second diversity branches."

10. Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Progressive requests a declaration by the Court that Progressive has not infringed and does not infringe any claim of the '961 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

11. Progressive does not have an adequate remedy at law.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,154,961

12. Progressive incorporates by reference paragraphs 1–11 above.

13. Based on Swirlate's filing of this action and at least Progressive's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '961 Patent.

14. All claims of the '961 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101. The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

15. All claims of the '961 Patent are anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by U.S. Patent No. 6,798,846 and/or U.S. Patent No. 7,496,079.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Progressive requests a declaration by the Court that at least claim 21 of the '961 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

17. Progressive does not have an adequate remedy at law.

## COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,567,622

18. Progressive incorporates by reference paragraphs 1–17 above.

19. Based on Swirlate's filing of this action and at least Progressive's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Progressive infringes the '622 Patent.

20. By way of example, Progressive does not infringe at least claim 1 of the '622 Patent because, among other things, Progressive does not perform "demodulating the received first and second data symbols at the receiver using the first and second mappings respectively; and diversity combining the demodulated data received over the first and second diversity branches."

21. Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Progressive requests a declaration by the Court that Progressive has not infringed and does not infringe any claim of the '622 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

22. Progressive does not have an adequate remedy at law.

### COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,567,622

23. Progressive incorporates by reference paragraphs 1–22 above.

24. Based on Swirlate's filing of this action and at least Progressive's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '622 Patent.

25. All claims of the '622 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101. The asserted claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

26. All claims of the '622 Patent are anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103 by U.S. Patent No. 6,798,846 and/or U.S. Patent No. 7,496,079.

27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Progressive requests a declaration by the Court that at least claim 28 of the '622 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35,

including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

28. Progressive does not have an adequate remedy at law.

## JURY DEMAND

Progressive hereby demands trial by jury on all issues in these Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Progressive asks this Court to enter judgment in Progressive's favor and against Swirlate by granting the following relief:

A. a declaration that the '961 Patent and the '622 Patent are invalid and unenforceable;

B. a declaration that Progressive does not infringe, under any theory, any valid claim of the '961 Patent or the '622 Patent;

C. a declaration that Swirlate take nothing by its Complaint;

D. judgment against Swirlate and in favor of Progressive;

E. dismissal of the Complaint with prejudice;

F. a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Progressive of its costs and attorneys' fees incurred in this action; and

G. further relief as the Court may deem just and proper.

Dated: March 22, 2022                      Respectfully submitted,

                                                 FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
    Neil J. McNabnay
    Lance E. Wyatt
    Aaron P. Pirouznia
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    Telephone: (214) 747-5070
    Facsimile:  (214) 747-2091
    mcnabnay@fr.com
    wyatt@fr.com
    pirouznia@fr.com

**COUNSEL FOR DEFENDANT
PROGRESSIVE SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 22, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.1.

*/s/ Neil J. McNabnay*
Neil J. McNabnay

PROGRESSIVE SYSTEMS, LLC.'S ANSWER TO SWIRLATE IP, LLC'S COMPLAINT FOR PATENT INFRINGEMENT